FILED
United States Court of Appeals
Tenth Circuit

June 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL T. PAULY;
DANIEL B. PAULY,

     Plaintiffs - Appellants,

v.

MARIO VASQUEZ, individually,

     Defendant - Appellee,

and

FORMER NEW MEXICO STATE
POLICE CHIEF ROBERT SHILLING,
individually; NEW MEXICO STATE
POLICE CHIEF PETE KASSETAS,
individually,

     Defendants.

No. 16-2213
(D.C. No. 1:15-CV-00783-JCH-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Daniel T. Pauly and Daniel B. Pauly filed a notice appealing a district court order granting Mario Vasquez's motion to dismiss their amended complaint. Because the district court's order is not a final order under 28 U.S.C. § 1291, we dismiss this appeal for lack of jurisdiction.

The Paulys filed this civil rights action against Officer Vasquez and other defendants not involved in this appeal. They alleged that Officer Vasquez violated their constitutional right to privacy when, in the course of investigating the shooting death of their son and brother, Samuel Pauly, Officer Vasquez took photographs of Samuel's body on a personal cell phone and texted those photographs to friends. The photographs were later obtained and distributed by news media.

This action was ultimately narrowed to a single claim against Officer Vasquez. The district court granted his motion to dismiss the Paulys' amended complaint based on qualified immunity. The dismissal order expressly granted the Paulys leave to amend. They filed a notice appealing the dismissal order.

We directed the Paulys to show cause why the appeal should not be dismissed because the order being appealed is not a final order. The Paulys argue that, applying this court's practical approach to finality under § 1291, *see Moya v. Schollenbarger*, 465 F.3d 444, 448-51 (10th Cir. 2006), the district court's ruling was a final order. They contend that the district court effectively dismissed their entire action because the court's reasoning in the dismissal order demonstrates that the defects in their amended complaint could not be cured by further amendment. Officer Vasquez agrees with the Paulys that, under *Moya*'s practical approach to finality, the district

2

court's order was final. He asserts that any attempt by the Paulys to amend their complaint would have been futile.

The parties misconstrue our decision in *Moya*, in which we endorsed a "practical approach to finality" where a district court's dismissal order is "ambiguous in ways that undermine any clear determination of finality." *Id.* at 450 (internal quotation marks omitted). In these cases, "our approach is to determine as best we can whether the district court's order evidences an intent to extinguish the plaintiff's cause of action." *Id.* (brackets and internal quotation marks omitted). In *Moya*, we set forth "principles to be used in reviewing dismissal orders for finality." *Id.* One such principle is that "when the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; this dismissal is not a final decision." *Id.* at 451. We also reiterated "the process a plaintiff should follow when he or she would rather appeal a non-final dismissal than amend the complaint." *Id.* at 451 n.9. We explained that a plaintiff who "does not desire to amend" should "announce his election to stand on his pleading, let a final order or judgment be entered dismissing the action, and then appeal from that order or judgment." *Id.* (internal quotation marks omitted).

Here, the district court's order is not ambiguous. It expressly granted the Paulys "leave to amend the complaint within thirty days from the date of this order," indicating that their failure to do so "may result in dismissal of this case." Aplt. App. at 76. Thus, the order "clearly shows that the district court did not consider its order to be a final order disposing of the entire action." *Moya*, 465 F.3d at 451 (ellipsis

3

and internal quotation marks omitted).  Consequently, we need not look beyond the

text of the district court's order to determine its intent.

This appeal is dismissed for lack of jurisdiction.[1]

Entered for the Court


Timothy M. Tymkovich
Chief Judge

---

[1] Because we have determined that the district court's order was not final, the Paulys should be given an opportunity to amend the complaint or, in the alternative, to stand on their pleadings and allow a final order to be entered.  *See Moya*, 465 F.3d at 452-53 & n.11; Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").